UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TYLER MILLS, | ) | CASE NO. C04-2342-RSL-MAT |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| RON SIMS, et al., | ) | |
| Defendants. | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's motions for preliminary injunctive relief and for class certification. Defendants have filed a brief in opposition to plaintiff's motion for injunctive relief. Defendants have not responded in any fashion to plaintiff's motion for class certification. This Court, having reviewed plaintiff's pending motions, and the balance of the record, concludes that plaintiff's motions for preliminary injunctive relief and for class certification should be denied.

DISCUSSION

Motion for Preliminary Injunctive Relief

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary

REPORT AND RECOMMENDATION
PAGE -1

injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id*. Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. (emphasis in original).

Plaintiff alleges in his amended and supplemental complaint, filed January 14, 2005, that his confinement in the acute psychiatric unit at the King County Correctional Facility ("KCCF") violates his federal and state constitutional rights, the Mental Health Bill of Rights, Title II of the Americans with Disabilities Act, the Developmental Disabilities Assistance and Bill of Rights Act, and the Rehabilitation Act. (Dkt. No. 12.) Plaintiff challenges both the fact of his confinement in the psychiatric housing unit, and the conditions of his confinement in that unit. (*See id*.)

In his motion for preliminary injunctive relief, plaintiff asserts that his developmental and mental disabilities cannot be adequately treated at KCCF, and that his mental health has deteriorated to the point where he is considering killing himself. (Dkt. No. 16.) He further asserts that defendants have retaliated against him for filing the instant action, and that defendants consistently refuse to allow him adequate access to the telephone to consult his attorneys. (Dkt.

No. 16.) Plaintiff seeks an order directing that he be transferred to a facility that can adequately treat his developmental and mental disabilities, and that he be afforded adequate access to the telephone to consult with his attorneys. (*Id*.)

Defendants have submitted a brief in opposition to plaintiff's motion in which they argue that plaintiff has not met the standard for obtaining preliminary injunctive relief. (Dkt. No. 27.) In support of their brief, defendants have submitted declarations by Jim McKeon, a Classification Supervisor for the King County Department of Adult and Juvenile Detention, and David Kersey, M.D., a psychiatrist employed by Jail Health Services. (Dkt. Nos. 28 and 29.) These declarations detail the reasons for plaintiff's assignment to the acute psychiatric housing unit, and the general conditions under which plaintiff is currently confined. (*Id*.) A review of the materials submitted by defendants satisfies this Court that plaintiff has not met the standard for preliminary injunctive relief.

### *1.  Mental Health Treatment*

Plaintiff requests in his motion for preliminary injunctive relief that he be transferred to a facility that can adequately treat his developmental disabilities and mental health needs. Plaintiff asserts that defendants provide absolutely no treatment for his disabilities and that his mental health is deteriorating.

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care. In order to establish an Eighth Amendment violation, a prisoner must show that prison officials knew of and disregarded a substantial risk of serious harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Because plaintiff is a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). Eighth Amendment standards are, however, still applicable to his claims. *See Id*.

Plaintiff makes no showing that defendants have been deliberately indifferent to his health

or safety. The record reflects that plaintiff has been incarcerated at KCCF numerous times over the past two and a half years. (*See* Dkt. No. 12 at 6.) His most recent period of incarceration began in July 2004 when he was booked into KCCF on a charge of communicating with a minor for immoral purposes. (Dkt. No. 28 at 1.) Plaintiff was originally sent to the Regional Justice Center ("RJC") in Kent where he was classified as medium security. (*Id*. at 1-2.) However, once at the RJC, plaintiff began making statements indicating that he intended to harm himself. (*Id*. at 2.) As a result of these statements, jail health providers were asked to assess plaintiff. (*Id*.) After reviewing plaintiff's history, which included past suicide attempts in jail [1], the jail health providers directed that plaintiff be transferred to the acute psychiatric unit at KCCF where suicide observation could be maintained. (Dkt. No. 29 at 2.) Plaintiff was first assigned to group suicide observation housing, but was subsequently transferred to single cell suicide observation housing, apparently as a result of an order entered by the King County Superior Court restricting plaintiff's phone access to permit him telephone access only to his attorney. (Dkt. No. 28 at 2.)

Defendants have produced documents which indicate that, in addition to his history of suicide attempts, plaintiff has a history of ingesting, or threatening to ingest, various objects including razor blades and sharpened toothbrushes. (Dkt. No. 29, Ex. B.) Dr. Kersey states in his declaration that plaintiff has been sent to the hospital several times for treatment related to his claims of self-harm, and that plaintiff just returned from the hospital where toothbrushes he swallowed were removed. (Dkt. No. 29 at 2-3.) Dr. Kersey further states that he has continued plaintiff on 15 minute observation checks because of his behavior, and that his staff visits plaintiff on a weekly basis for psychiatric evaluation follow-up. (*Id*. at 3.) The reports from the weekly visits indicate that plaintiff consistently refuses to respond to staff or denies needing any assistance from staff. (*Id*., Ex. E.)

---

[1] The record before this Court indicates that plaintiff has overdosed on Tylenol on at least seven occasions during prior periods of incarceration. (Dkt. No. 29, Ex. A.) A note on one of the documents produced by defendants indicates that plaintiff has a history of convincing staff to reclassify him to the general population by reporting that he is not suicidal, and then overdosing on dangerous amounts of Tylenol. (*Id*., Ex. A at 1.)

REPORT AND RECOMMENDATION
PAGE -4

Plaintiff is obviously dissatisfied with both his housing assignment and with the mental health treatment he is receiving at KCCF. However, the record indicates that plaintiff was assigned to the psychiatric housing unit in an effort to ensure his own safety. The record further indicates that defendants have been responsive to plaintiff's mental health issues. While plaintiff believes that he should be receiving different types of treatment for his disabilities, differing opinions on medical treatment do not amount to a violation under the Eighth Amendment. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). At this juncture, plaintiff has not established that he is likely to prevail on the merits of his claim of inadequate care for his mental health needs.

Moreover, while the record makes clear that plaintiff's mental health issues are serious, the balance of hardships does not tip sharply in plaintiff's favor. Plaintiff is in custody pursuant to felony criminal charges filed against him in King County Superior Court. He is currently awaiting transfer to Western State Hospital for an evaluation of his competency to stand trial on those charges. King County has a substantial interest in bringing plaintiff to trial on his criminal charges, assuming that he is competent to stand trial. The transfer requested by plaintiff would likely deprive the County of the ability to pursue their criminal case against him.

Finally, the Court notes that, even if plaintiff were able to establish that the care he is currently receiving is inadequate, the remedy would not be to direct his transfer to another institution. Rather, the remedy would be to direct defendants to provide plaintiff with the care necessary to meet Eighth Amendment standards.

Plaintiff has not demonstrated that he is entitled to injunctive relief with respect to his claim of inadequate medical care. Accordingly, plaintiff's motion should be denied with respect to this claim.

### 2. *Telephone Access*

Plaintiff requests that he be provided adequate access to a telephone to consult with his attorneys. The Ninth Circuit has recognized that prisoners "have a First Amendment right to telephone access, subject to reasonable security limitations." *Keenan v. Hall*, 83 F.3d 1083, 1092

(9th Cir. 1996); *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986).

The record reflects that inmates in the unit in which plaintiff is housed are confined to their cells for 23 hours per day, and are permitted one hour out of their cells each day to shower, exercise, or make phone calls. (Dkt. No. 28 at 2.) Pursuant to an order issued by the King County Superior Court, plaintiff's access to the telephone is restricted to calls to his attorney. (Dkt. No. 28, Ex. B.) Defendants concede that plaintiff's ability to make calls is, on occasion, further restricted for disciplinary reasons. (Dkt. No. 28 at 2-3.) Defendants indicate that plaintiff has been infracted eleven times during his most recent period of incarceration, and that these infractions have generally been for defiance and for refusing an officer's orders. (*Id*. at 2.) According to defendants, these infractions sometimes result in plaintiff's one hour out being restricted to every other day or every third day. (*Id*. at 2-3.)

While plaintiff's phone access is clearly restricted, it appears that the restrictions are related to legitimate security considerations. The record before this Court suggests that plaintiff is unlikely to succeed on the merits of any claim regarding his telephone access. Moreover, plaintiff has not demonstrated that he will be irreparably harmed if he is not granted the requested relief. Plaintiff has not been deprived of all telephone access, he is merely subject to restrictions arising out of his own behavior.

Plaintiff has not demonstrated that he is entitled to preliminary injunctive relief with respect to his claim of inadequate telephone access. Accordingly, plaintiff's motion for preliminary injunctive relief should be denied with respect to this claim.

## Motion for Class Certification

Plaintiff, by way of the instant motion, seeks certification of a class which consists of "all inmates in King County Department of Adult and Juvenile Detention (DAJD) who suffer from a mental illness or developmental disability or are otherwise housed in the psychiatric housing units of King County Correctional Facility (KCCF)." (*See* Dkt. No. 15.)

This Court, by Order issued the same date as this Report and Recommendation, denied

REPORT AND RECOMMENDATION
PAGE -6

plaintiff's motion for appointment of counsel on the grounds that plaintiff had not demonstrated that his case involves exceptional circumstances that warrant the appointment of counsel at the present time. As plaintiff has not met the standard for appointment of counsel, plaintiff's motion for class certification must necessarily be denied. The Ninth Circuit has made clear that a *pro se* litigant has no authority to appear as an attorney for others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)(*citing Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)). The Court is unaware of any authority which would permit it to relax the standard for appointment of counsel simply because plaintiff wishes to pursue a class action.

## CONCLUSION

For the reasons set forth above, this Court recommends that plaintiff's motions for preliminary injunctive relief and for class certification be denied. A proposed order accompanies this Report and Recommendation.

DATED this  30th  day of March, 2005.

s/ Mary Alice Theiler
United States Magistrate Judge